**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ROSALIN DENISE MARSHALL,<br><br>Plaintiff,<br><br>v.<br><br>NEWARK TAX ASSESSOR'S OFFICE, *et al.*,<br><br>Defendants. | Civil Action No. 23-02500 (SDW) (JRA)<br><br>**WHEREAS OPINION**<br><br>May 10, 2023 |

**THIS MATTER** having come before this Court upon Plaintiff Rosalin Denise Marshall's ("Plaintiff") Complaint, (D.E. 1), filed on April 24, 2023, against Defendants Newark Tax Assessor's Office, Newark Office of Surrogate, Annie Scott, Louisa Scott, and James Scott (the Scott Defendants"), (all Defendants are collectively "Defendants"); and

**WHEREAS** Plaintiff's claims stem from a 1989 real estate transaction concerning property in her mother's estate. (*Id.* at 8–11.) The Scott Defendants are the current owners and residents of the property at issue and have owned it since 2004. (*Id.* at 9.) Plaintiff asserts that she is entitled to ownership of the property and requests removal of the Scott Defendants from the property. (*Id.*); and

**WHEREAS** Plaintiff filed this claim in the United States District Court for the Southern District of New York, which subsequently transferred the matter to this Court pursuant to 28 U.S.C. § 1406(a). Plaintiff seeks to litigate a claim this Court previously dismissed—a claim related to multiple other filings that this Court has also dismissed. *See Marshall v. Scott*, No. 23-01675 (D.N.J. Mar. 30, 2023); *see also Marshall v. Kaplus, et al.*, No. 23-01022, 2023 WL

2214002, at *1 n.1 (D.N.J. Feb. 23, 2023) (dismissing Plaintiff's claim against the attorney and parties related to the real estate matter from 1989); *Marshall and Johnson v. Kaplus*, No. 23-02499 (D.N.J. May 10, 2023) (dismissing Plaintiff's claim against the attorney to the real estate matter from 1989); and

**WHEREAS** a *pro se* litigant's submission to a court, although "[held] to less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972), must still "'state a plausible claim for relief.'" *Yoder v. Wells Fargo Bank, N.A.*, 566 F. App'x. 138, 141 (3d Cir. 2014) (quoting *Walker v. Schult*, 717 F.3d 119, 124 (2d Cir. 2013)); *Martin v. U.S. Dep't of Homeland Sec.*, No. 17-3129, 2017 WL 3783702, at *3 (D.N.J. Aug. 30, 2017); and

**WHEREAS**, as discussed in this Court's previous dismissal of this claim, the facts alleged in Plaintiff's Complaint amount to general grievances and are insufficient to support a claim entitling Plaintiff to relief. *See* FED. R. CIV. P. 8(a)(2) (providing that an adequate complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief"); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (stating that although Rule 8 does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (explaining that to survive a Rule 12(b)(6) motion, a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level"). The Complaint does not indicate specific and cognizable legal bases for the allegations, and instead presents conclusory statements and largely indecipherable allegations and demands; and

**WHEREAS** the sale of the Property at issue and settlement of Plaintiff's mother's estate allegedly occurred over three decades ago. The statute of limitations for any potential claims related to the Property will have long expired. Consequently, amendment of the Complaint would be futile. *See, e.g.*, *Jablonski v. Pan Am. World Airways, Inc.*, 863 D.2d 289, 292 (3d Cir. 1988) ("Amendment of [a] complaint is futile if the amendment will not cure the deficiency in the original complaint . . . .");

**WHEREAS** Plaintiff's Complaint seeks to litigate previously dismissed claims. Of note, [w]hen a litigant persists in the misbehavior of vexatious litigation activity, . . . a filing injunction may be the appropriate remedy." *Rumanek v. Fallon, et al.*, No. 21-1348, 2021 WL 5917097, at *1 (3d Cir. Dec. 15, 2021); *see also In re Oliver*, 682 F.2d 443, 446 (3d Cir. 1982) ("[A] continuous pattern of groundless and vexatious litigation can, at some point, support an order against further filings of complaints without the permission of the court."). Plaintiff is cautioned that this Court "will not tolerate frivolous litigation that wastes judicial resources" and, consequently, "any future abuse of legal process might trigger sanctions, including an imposition of limitations on Plaintiff's ability to initiate such legal actions in the future." *Karupiayan v. Infosys, BPM*, No. 21-20796, 2023 WL 1452340, at *3 (D.N.J. Jan. 27, 2023); therefore

Plaintiff's Complaint is *sua sponte* **DISMISSED WITH PREJUDICE** and this matter shall be closed. An appropriate order follows.

                                                                                       /s/ Susan D. Wigenton
                                                          **United States District Judge**

Orig: Clerk
cc:    Jose R. Almonte, U.S.M.J.
        Parties